UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MUSA JA'FAR MUHAMMAD,
as Trustee of the MJM Network
Revocable Living Trust,

    Petitioner,

v.                                    Case No. 4:25-cv-230-MW-MJF

CHRIST DOUGLAS,
as Warden of the Jefferson
Correctional Institution,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this civil action because the Petitioner-Trustee's *pro se* "Bill in Equity for Writ of Habeas Corpus"—seeking the release of Matthew Gordon, a Florida prisoner and purported "res of the Trust"—is a nullity.

### I. BACKGROUND

Musa Ja'Far Muhammad, proceeding *pro se*, has filed a petition for writ of habeas corpus. Doc. 1.[1] Muhammad is the "trustee" of the MJM

---

[1] Muhammad labels the petition a "Bill in Equity," but that is just another term for a written pleading.

Network Rvoc Living Tr. ("the Trust"). *Id*. at 2. Muhammad purports to bring this habeas action on behalf of the Trust. *Id*. at 2. Muhammad is seeking the release of Matthew Gordon—whom Muhammad describes as the "res of the Trust"—from the custody of the State of Florida. *Id*. at 2-3. Gordon is in the custody of the Florida Department of Corrections (confined at the Jefferson Correctional Institution) pursuant to a state-court judgment in Escambia County Circuit Court Case No. 98-CF-03863. Doc. 1 at 2; *see also* Doc. 1-2 at 1. Muhammad maintains that Gordon's incarceration "is being maintained without lawful contract, without voluntary consent, and without a knowing and intelligent waiver of rights." Doc. 1 at 2.

## II.   THE PETITION IS A NULLITY

Muhammed's *pro se* petition filed on behalf of the Trust is a nullity. Although Rule 17 of the Federal Rules of Civil Procedure allows a trustee to sue on behalf of the trust (the real party in interest), Rule 17 does not confer upon the trustee *the right to serve as legal counsel* for the trust. *See Devine v. Indian River Cnty. Sch. Bd.,* 121 F3d 576, 581 (11th Cir. 1997) (Rule 17 "permits authorized representatives . . . to sue on behalf of [the person or entity for whose benefit the action is brought], but does

not confer any right upon such representatives to serve as legal counsel."), *overruled in part on other grounds, Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). "[A] nonlawyer trustee has no authority to represent a trust in court." *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court.").

The rights of parties to appear *pro se* is limited to parties conducting *their own cases* and does not extend to non-attorney parties representing the interests of others. *FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (although 28 U.S.C. § 1654 allows parties to conduct their own cases personally, that right "does not extend to the representation of the interests of others"); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347-48 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."); *see also, e.g., Withers v. Bradshaw*, No. 20-13845-D, 2021 WL

1525484, at *1 (11th Cir. Mar. 3, 2021) (even if *pro se* plaintiff *could* act on behalf of estate, he could not do so *pro se*).

### III. CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **STRIKE** the "Bill in Equity for Writ of Habeas Corpus" and attached "Symbolic Tender and Affidavit of Lawful Money" and "Praecipe to the Clerk," Doc. 1.

2. **DISMISS** this habeas action without prejudice.

3. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 15th day of May, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any**

**objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**